## Roup v. Simpson.

*Practice, C. P.—Action—Form of—Action against constable to recover wage claim.*

An action against a constable to recover moneys alleged to have been obtained by the constable upon a landlord's warrant for one against whom the plaintiff has a valid wage claim, is properly an action in trespass and not of *assumpsit*. The gist of the action is the refusal of the constable to pay over the money. Plaintiff must prove not only his wage claim, but also the unlawful withholding of the money by the constable.

Statutory demurrer. C. P. Washington Co., Aug. T., 1922, No. 72.

*W. R. Dennison,* for plaintiff; *Harry F. Moore,* for defendant.

CUMMINS, J., July 3, 1922.—This is an action wherein the defendant is charged with malfeasance in office, it being alleged that, as a constable, he executed a landlord's warrant and conducted a sale thereunder for rent, and that he thereafter refused to pay to plaintiff from the proceeds of said sale such amount as was justly and legally due him as a wage claimant.

That sufficient is alleged in the statement, if proven, to sustain the action is self-evident. The only other matter in controversy seems to be whether or not the action should not have been in *assumpsit* instead of in trespass. The following excerpts from Wormald *v.* Marvin et al., 23 Dist. R. 64, would appear to dispose of that question: "We do not have before us a suit upon a bond, but an action for damages for malfeasance of office. That such an action will lie by a wage claimant, and that the form of the action is trespass on the case, is clear." The gist of the cause of action is not that the tenant was indebted to plaintiff, but defendant's wrongful refusal to pay over the amount justly and lawfully due plaintiff. Plaintiff must not only show that the wage claim is justly and lawfully due him, but also that defendant wrongfully and unlawfully withheld payment, before he can recover. If there was any dispute in good faith as to the legality of the claim, the constable would not only have the right, but it would be his duty to withhold payment, and in that case, perhaps, his most appropriate remedy would be to pay the money into court and procure a rule on all parties interested to interplead.

### Decree.

And now, to wit, July 3, 1922, this case came on to be heard and was argued on the questions of law raised in the affidavit of defence, and these questions having been decided in favor of plaintiff, said case is ordered on the trial list.

From Harry D. Hamilton, Washington, Pa.